UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 3:16-33 |
| **CALEB GUERRIER,** | : | (JUDGE MANNION) |
| **Defendant** | : | |

**MEMORANDUM**

Presently before the court is the August 24, 2020 motion *in limine* filed by the government to introduce evidence of defendant Caleb Guerrier's prior convictions for impeachment purposes if he testifies at trial. (Doc. 178). Defendant, through his counsel, opposes the motion. For the reasons set forth below, the government's motion will be **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND[1]**

On April 11, 2017, a Superseding Indictment was filed against defendant charging him with the following: Count 1, Distribution of Cocaine Base (Crack), on November 7, 2013, in violation of 21 U.S.C. §841(a)(1);

---

[1]Since the complete background of this case is stated in the briefs of the parties, it will not be fully repeated herein. *See also* the court's April 26, 2019 Memorandum, Doc. 117, and the court's September 27, 2019 Memorandum, Doc. 142.

Count 2, Distribution of Cocaine Base (Crack), on November 13, 2013, in violation of 21 U.S.C. §841(a)(1); Count 3, Convicted Felon in Possession of Firearms, on March 20, 2014, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2); Count 4, Possession of a Firearm with an Obliterated Serial Number, on March 20, 2014, in violation of 18 U.S.C. §§922(k) and 924(a)(1)(B); Count 5, Possession of Cocaine Base (Crack) with Intent to Distribute, between March 28, 2014 and June 22, 2016, in violation of 21 U.S.C. §841(a)(1); and Count 6, Convicted Felon in Possession of Ammunition, between May 28, 2014 and June 22, 2016, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). (Doc. 53). The Superseding Indictment also contains a forfeiture allegation.

The government's motion *in limine* has been briefed and Exhibits have been submitted. (Docs. 179 & 180). The matter is now ripe for this court's review.

The final pre-trial conference occurred on December 11, 2020, and the trial in this case, due to the Covid 19 pandemic, is scheduled to commence on February 8, 2021.[2]

---

[2]On May 29, 2020, the court granted defendant's motion, (Doc. 150), to bifurcate for trial counts three and six of the superseding indictment, which

- 2 -

## II.     STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D.Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." United

---

charge Guerrier with being a felon in possession of firearms and ammunition, respectively, in violation of 18 U.S.C. §§922(g) and 924(a)(2). (Doc. 158).

States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" Id. (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

### III. DISCUSSION

The government seeks to introduce evidence of defendant's prior convictions under Rule 609(a)(1)(B). Federal Rule of Evidence 609 pertains to the use of a witness's prior convictions for impeachment purposes and provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]

Fed.R.Evid. 609(a)(1)(B).

No doubt that "Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. However, when the testifying

- 4 -

witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'" U.S. v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014) (citing Fed.R.Evid. 609(a)(1)(B)). The Third Circuit has held that this Rule "reflects a heightened balancing test" with a "predisposition toward exclusion" and, that "[a]n exception [to exclusion of the evidence] is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." Id. (citation omitted). "When offering a prior conviction to impeach a testifying defendant, the government bears the burden of satisfying the heightened balancing test set out in Rule 609(a)(1)(B)." Id. at 289.

The Third Circuit has "recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test." Id. at 286. The four factors are: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." Id. at 286 (citing Gov't of Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir. 1982)).

"The Government bears the burden of demonstrating the probative value of the prior conviction outweighs its prejudicial effect." United States v. Wilson, 2016 WL 2996900, *2 (D. N.J. May 23, 2016) (citing Bedford, 671 F.2d at 761. "The defendant is then permitted to rebut the Government's presentation, explicating the potentiality for unfair prejudice from admission of the evidence." Id. (citation omitted)

The defendant's relevant prior convictions which the government seeks to use to impeach him if he testifies are as follows:[3]

1) Receiving Stolen Property (Dodge Caravan) (F-3) (docket #252-2003 Monroe County) Arrested 12/30/2002; Sentenced on 9/19/2003 to 6 to 12 months in prison; 1/14/2004 paroled.
2) Receiving Stolen Property (F-3) (Dodge Intrepid) (docket #286-2003 Monroe County) Arrested 2/21/2003; Sentenced on 9/19/2003 to 5½ to 11 months in prison, to run consecutive to #252-2003; 1/14/2004 paroled.
3) Flight to Avoid Apprehension (M-2) (docket #285-2003 Monroe County) Arrested 2/21/2003; Sentenced on 9/19/2003 to serve 1 month to 6 months, to run concurrent to #252-2003 and #286-2003.
The defendant received an aggregate sentence of 11½ to 23 months on all three charges.[4]

---

[3]The government notes that it has complied with Rule 609(b)(2) by providing written notice to defense counsel of its intent to impeach defendant with his prior convictions older than 10 years. (Doc. 179 at 18 n. 3).

[4]The court takes judicial notice of the defendant's prior convictions since the criminal dockets are state court records and can be found at

Initially, since the government, as the moving party, does not advance any substantive argument in its brief that defendant's conviction for Flight to Avoid Apprehension (M-2) should be introduced to impeach him if he testifies, (*see* Doc. 179 at 12-13), the court does not discuss this conviction herein and the government will not be permitted to use it to impeach the defendant at trial.

The government, however, does argue that the defendant's two previous felony convictions for Receiving Stolen Property ("RSP") are admissible for impeachment purposes as crimes involving "deceit and dishonesty." The defendant contends that his two RSP convictions are over 10 years old and, that even if these crimes involved a dishonest act or false statement, the government must still show that the probative value of these convictions substantially outweigh the prejudicial effect under F.R.E. 609.

The court will now consider all of the Bedford factors with respect to defendant's two RSP convictions.

In considering the first factor regarding the kind of crime involved, "courts consider both the impeachment value of the prior conviction as well

---

https://ujsportal.pacourts.us/DocketSheets/CP.aspx. *See also* Criminal Complaints and Affidavits regarding the above stated offenses attached to defendant's brief, Docs. 180-1 to 180-3.

- 7 -

as its similarity to the charged crime." Caldwell, 760 F.3d at 286. "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness." *Id.* "With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." *Id.* "Generally, where the crime is punishable by a sentence of more than one year imprisonment, or if the crime involved required proof of a dishonest act or false statement by the witness, such evidence must be admitted for impeachment purposes." Klatch-Maynard v. Sugarloaf Tp., 2013 WL 1789744, *3 (M.D. Pa. April 26, 2013) (citing Fed.R.Evid. 609; Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527, 109 S.Ct. 1981 (1989)). When considering this factor, "the court asks whether the past conviction involved dishonesty, false statements, or any other offense in the nature of *crimen falsi*." *Id.* at *4 (citing Walker v. Horn, 385 F.3d 321, 334 (3rd Cir. 2004)). "Crimes of this nature are believed to have a high value of impeachment—the only proper purpose served by admitting past convictions—because they bear directly on a witness's propensity to testify truthfully." *Id.* (citations omitted).

Defendant's prior convictions at issue are two state felony RSP convictions which occurred more than ten years ago. (Docs. 180-1 to 180-3). The first conviction relates to defendant's December 30, 2002 arrest for RSP in which the Criminal Complaint charged that "[defendant] did intentionally receive, retain or dispose of movable property, to wit: [1994 Dodge Caravan] of [another person], knowing that it had been stolen or believing that it had probably been stolen, the property not being received, retained, or disposed of with intent to restore it to the owner." (Doc. 180-2).[5]

The second conviction relates to defendant's February 21, 2003 arrest for RSP in which the Criminal Complaint charged that "[defendant] … intentionally received, retained or disposed of movable property, namely, a [1993 Dodge Intrepid] … belonging to [another person], with no intent to restore it to the owner, knowing that such property was stolen or believing that it had probably been stolen, in violation of [18 Pa.C.S. §3925(a)]." (Doc. 180-3).

Under Pennsylvania law,18 Pa.C.S.A. §3925(a), a person is guilty of receiving stolen property if he "intentionally receives, retains, or disposes of

---

[5]Since the Affidavits of Probable Cause for both of defendant's RSP convictions are found in defendant's Exhibits, Docs. 180-2 & 180-3, they are not repeated herein.

- 9 -

movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner."

Defendant admits that a crime for RSP "can be committed if a defendant has received, retained or disposed of movable property believing that is has probably been stolen", and that "[t]his is the type of crime that involves dishonesty." (Doc. 180 at 4) (citing United States v. Wilson, 2016 WL 2996900 *3 (D. N.J. May 23, 2016)). However, defendant maintains that even though his prior RSP crimes do not have any similarity to the instant drug trafficking and gun charges, under FRE 403 the probative value of the evidence regarding his convictions is substantially outweighed by its prejudicial effect.

The government contends that RSP is admissible as a crime of dishonesty or false statement under Rule 609(a)(2). It also contends that "a defendant's conviction for the crime of receiving stolen property has been admitted for impeachment purposes, because 'deceit and dishonesty are at the core of this crime.'" (Doc. 179 at 15) (quoting United States v. Wilson, 2016 WL 2996900 *3 (D. N.J. May 23, 2016)).

As the court explained in Wilson, 2016 WL 2996900, at *3:

- 10 -

> First, [Defendant's prior conviction for receiving stolen property] is not similar in nature to the instant offense of unlawful possession of a weapon, which diminishes the prejudice and the risk that the jury may draw impermissible propensity inferences. *See* Caldwell, 760 F.3d at 286-87. Second, that conviction is one that, by its nature, implies dishonesty. Defendant pleaded guilty to receiving stolen property in violation of N.J. Stat. Ann. §2C:20-7, which provides: "A person is guilty of theft if he knowingly receives or brings into this State moveable property of another knowing that it has been stolen, or believing that it is probably stolen." Deceit and dishonesty are at the core of this crime; the fact that Defendant knowingly received property that he knew or believed to be stolen has probative value for impeachment purposes. Gordon, 383 F.2d at 940 ("In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity."). Accordingly, the first Bedford factor weighs in favor of admitting Defendant's prior conviction for receiving stolen property.

Based on the underlying facts regarding defendant's two RSP convictions as detailed in the Criminal Complaints and Affidavits of Probable Cause, both convictions involved an attempt to conceal proper ownership of the property as well as acts of stealth and deception that have substantial probative value. *See* United States v. Blakeslee, 2010 WL 1416840, at *2 (M.D. Pa. April 5, 2010) ("Crimes of stealth, such as theft or burglary, have also been found to reflect a significant lack of credibility.").

The court finds that the balance of the first <u>Bedford</u> factor weighs in favor of admissibility regarding the RSP crimes which have greater impeachment value since they imply dishonesty.

The second factor, the age of the prior convictions, appears to weigh against admissibility since the defendant's RSP convictions occurred well beyond the ten years, i.e., defendant was sentenced for both convictions on September 19, 2003 and paroled on January 14, 2004, and they are clearly not timely under Rule 609. The government concedes that "[d]epending upon when the defendant completed parole, these offenses are likely outside the ten-year 'look back' period set forth in Rule 609(b)." (Doc. 179 at 17). Nonetheless, it points out that "these offenses are within ten years of the drug trafficking conduct for which the defendant is presently on trial, which occurred in November 2013, as charged in Counts 1 and 2 of the superseding indictment." (Id.).

Defendant's prior RSP convictions are presumptively excluded unless a special balancing of their probative value compared to their prejudicial effect under Rule 609(b) overcomes the presumption. <u>Caldwell</u>, 760 F.3d at 287. In particular, "[a] conviction over ten years old (measured from the date of conviction or release from confinement for the conviction, whichever is

later), is generally not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantial outweighs its prejudicial effect." United States v. Jessamy, 464 F.Supp.3d 671, 674 (M.D. Pa. 2020) (citing Fed.R.Evid. 609(b)). "Thus, convictions over ten years old are only to be admitted in exceptional circumstances and the Rule 403 balancing is reversed", i.e., "under Rule 403 unfair prejudice must substantially outweigh the evidence's probative value, [but] for convictions over ten years old, the probative value of the conviction must substantially outweigh the prejudicial effect." *Id.*

The government argues that since defendant did not have an unblemished record after his two RSP convictions, this weighs in favor of defeating the presumption based on the age of the prior convictions. The government relies upon Caldwell, 760 F.3d at 287, in which the Third Circuit stated "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which suggests his character has not improved." In particular, the government represents that after his 2003 RSP convictions, "defendant Guerrier has additional intervening convictions for

Disorderly Conduct (2007) and Possession of a Controlled Substance (2009), as well as additional arrests for Delivery of a Controlled Substance (2009), Sale of a Controlled Substance (2009), Delivery of a Controlled Substance (2009), Simple Assault (2014) and Robbery, Terroristic Threats, Unlawful Restraint, Theft by Unlawful Taking, Simple Assault and False Imprisonment (2015)." (Doc. 179 at 18). The government notes that defendant's 2015 charges are still pending in Luzerne County Court.

The court finds that the probative value of defendant's 2003 RSP convictions remains undiminished since his stated subsequent convictions commencing within four years after 2003 indicate that he has not abandoned his prior ways of criminal behavior. *See* Wilson, 2016 2996900, *3 ("The recent nature of th[e] crimes [following his conviction for receiving stolen property] suggest Defendant's character has not improved and indicate that the older conviction has probative value for impeachment purposes."). As such, the second factor weighs in favor of allowing the government to impeach defendant with his 2003 RSP convictions if he testifies. *See* United States v. Taylor, 2018 WL 5832049 (M.D. Pa. Nov. 7, 2018) (the court found that the probative value of defendant's 2005 convictions remains undiminished since his two subsequent convictions over a short period of

time after 2005 indicates that he has not abandoned his prior ways of criminal behavior); United States v. Carey, 2019 WL 6492566 *7 (M.D. Pa. December 3, 2019) (court found that drug trafficking conviction outside ten-year "look back" period to be "highly probative" and "substantially outweigh[ing] any prejudicial effect").

"The third factor inquires into the importance of the defendant's testimony to his defense at trial." Caldwell, 760 F.3d at 287. "If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." *Id.* (citation omitted). Thus, "[i]f a defendant's testimony is important to his defense, this factor weighs against admitting a prior conviction." Wilson, 2016 2996900, *3 (citation omitted). However, "[if] the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." Caldwell, 760 F.3d at 288 (citation omitted).

In its brief, (Doc. 179 at 21), the government states that:

> the testimony of the defendant will set up a credibility contest between the defendant and the government's witnesses. In various pretrial matters concerning this case, the defendant has denied that

- 15 -

> he has engaged in any of the criminal conduct with which he is presently charged. At various times, the defendant has claimed that he was "misidentified" by the confidential informant to whom he sold drugs, and has denied possession of any of the firearms which were located in his residence. The jury will be asked to choose between the defendant's version of events and that provided by the government's witnesses, including the confidential informant, and members of the Luzerne County Drug Task Force, the FBI, and the Pennsylvania Office of Attorney General. The credibility of these witnesses, therefore, will be crucial to establishing the government's case, as well as the defendant's defense.

Defendant's testimony in this case may be important to demonstrate the validity of his defense and it may be "fundamentally important to his defense." *Id.* at 289. As such, the court will balance the third factor as weighing against the admission of defendant's prior RSP convictions. *See* Taylor, 2018 WL 5832049, *5.

"The [fourth] factor concerns the significance of the defendant's credibility to the case. 'When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction.'" Caldwell, 760 F.3d at 288 (citation omitted). "Where a case is reduced to a swearing contest between witnesses, the probative value of conviction is increased." *Id.* (citation omitted). In this case, the testimony of the defendant will create a

credibility contest between the defendant and the government's witnesses, as detailed above. It will create an issue as to whether defendant was properly identified by the confidential informant ("CI") and whether defendant possessed the firearms found in his residence. The jury will have to decide between the defendant's version of events and those provided by the CI and the other witnesses presented by the government. Also, if defendant testifies, he places his credibility directly at issue. *See* United States v. Beros, 833 F.2d 455, 463-64 (3d Cir. 1987). Thus, the credibility of all of the witnesses will be crucial to establish the government's case as well as defendant's defenses.

As such, the court finds that the fourth Bedford factor weighs in favor of admitting defendant's prior RSP convictions. *See* Taylor, 2018 WL 5832049, *5.

Thus, three of the four Bedford factors weigh in favor of allowing the government to use defendant's two 2003 felony RSP convictions to impeach his credibility if he testifies at trial. The court finds that the government has met its burden of showing that the probative value of defendant's stated prior convictions outweighs its prejudicial effect under Rule 609(a)(1)(B). Additionally, the government's use of defendant's stated prior convictions will

be limited to cross-examination, if he testifies. However, as a safeguard, the court will give a limiting instruction to the jury and direct the jury to consider defendant's prior convictions for impeachment purposes only. *See* U.S. v. Cherry, 2010 WL 3156529, *7 (The court found that a limiting jury instruction would mitigate any potential prejudice to defendant.).

Therefore, the court will grant the government's motion *in limine* regarding the admissibility of evidence related to defendant's two felony RSP convictions from 2003 only for purposes of impeachment if he testifies.

### IV. CONCLUSION

Accordingly, the government's motion *in limine*, (Doc. 178), is **GRANTED IN PART** with regard to the use for impeachment purposes of the defendant's two prior RSP convictions if he testifies at trial, and is **DENIED IN PART** with regard to the use for impeachment purposes of the defendant's prior conviction for flight to avoid apprehension. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 6, 2021**
16-33-01