**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**       :

   **v.**                                           :        **CRIMINAL NO. 3:16-33**

**CALEB GUERRIER,**                  :            **(JUDGE MANNION)**

      **Defendant**                        :

**MEMORANDUM**

Presently before the court is the November 17, 2020 motion *in limine* filed by the government, pursuant to Fed.R.Evid. 608(b), to exclude the use or introduction of prior judicial statements and findings made by the district court regarding the credibility of Wilkes-Barre City Police Department Patrolman Jeffrey Ference with respect to his testimony in a suppression hearing held in an unrelated criminal case. (Doc. 205). Defendant, through his counsel, opposes the motion. (Doc. 212). For the reasons set forth below, the government's motion will be **GRANTED**.[1]

---

[1]Since the complete factual background of this case is stated in the briefs of the parties, (Docs. 206 & 212), it will not be fully repeated herein. *See also* the court's April 26, 2019 Memorandum, Doc. 117, and the court's September 27, 2019 Memorandum, Doc. 142.

## I.    BACKGROUND

On April 11, 2017, a Superseding Indictment was filed against defendant charging him with the following: Count 1, Distribution of Cocaine Base (Crack), on November 7, 2013, in violation of 21 U.S.C. §841(a)(1); Count 2, Distribution of Cocaine Base (Crack), on November 13, 2013, in violation of 21 U.S.C. §841(a)(1); Count 3, Convicted Felon in Possession of Firearms, on March 20, 2014, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2); Count 4, Possession of a Firearm with an Obliterated Serial Number, on March 20, 2014, in violation of 18 U.S.C. §§922(k) and 924(a)(1)(B); Count 5, Possession of Cocaine Base (Crack) with Intent to Distribute, between March 28, 2014 and June 22, 2016, in violation of 21 U.S.C. §841(a)(1); and Count 6, Convicted Felon in Possession of Ammunition, between May 28, 2014 and June 22, 2016, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). (Doc. 53). The Superseding Indictment also contains a forfeiture allegation.

The government's motion *in limine* has been briefed. (Docs. 206 & 212). The matter is now ripe for this court's review.

- 2 -

The final pre-trial conference was conducted on December 11, 2020, and the trial in this case was scheduled to commence on January 11, 2021.[2] (Docs. 213 & 216). The court then continued the trial which was scheduled for January 11, 2021, and then for February 8, 2021, due to the resurgence of the COVID-19 Pandemic and the issuance of new Standing Orders suspending trials until after March 1, 2021. The court then re-scheduled the trial for March 1, 2021. (Docs. 227 & 234).

## II.    STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F.Supp.3d 402, 406 (E.D.Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. *Abrams v. Lightolier, Inc.*, 50

---

[2]On May 29, 2020, the court granted defendant's motion, (Doc. 150), to bifurcate and bifurcated for trial counts three and six of the superseding indictment, which charge Guerrier with being a felon in possession of firearms and ammunition, respectively, in violation of 18 U.S.C. §§922(g) and 924(a)(2). (Doc. 158).

F.3d 1204, 1213 (3d Cir. 1995); *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." *Ridolfi v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017). Further, "[c]ourts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id.* (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

## III.  DISCUSSION

The government seeks to exclude, under Rule 608(b), any evidence regarding the judicial findings and the court's opinion involving the credibility of Ference in an unrelated criminal case, United States v. Gilliam, (Docket

- 4 -

No. 3:17-CR-258 (MDPA 2017), made with respect to his testimony at a suppression hearing on August 13, 2019, conducted before the Honorable Judge Robert D. Mariani. As the government explains in its motion, (Doc. 205 at 3-4),

> In Gilliam, the Court issued an order on August 7, 2020, granting the defendant's Motion to Suppress, accompanied by a Memorandum Opinion. [Doc. 103]. In the Memorandum Opinion, Judge Mariani determined that the evidence presented during the suppression hearing by the Government failed to prove by a preponderance of the evidence that the officers (who included Officer Ference [and Officer Palka]) conducted the warrantless search in a manner consistent with the Fourth Amendment, explaining that "the evidence shows that the officers' alleged assessment that a true emergency existed was neither credible nor objectively reasonable." Doc. 103 at 43. The Court stated that "A reasonable officer considering the facts ascertainable upon a reasonable investigation would not have concluded that warrantless entry was necessary to address a true emergency related to Defendant's children." Id.
>
> Federal Rule of Evidence 608(b) pertains to the use of a witness's prior

conduct for impeachment purposes and provides in pertinent part:

> Specific instances of conduct of a witness, for the purposes of attacking or supporting the witness credibility ... may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness...

Fed.R.Evid. 608(b).

As such, Federal Rule of Evidence 608(b), permits attacks on a witness's credibility through evidence of past untruthfulness, but it prohibits "extrinsic evidence ... to prove a specific instance[ ] of a witness's conduct in order to attack or support the witness's character for truthfulness...." United States v. Murray, 103 F.3d 310, 322 (3d Cir. 1997). *See also* United States v. Williams, 464 F.3d 443, 448 (3d Cir. 2006) ("The court may at its discretion permit questioning about specific instances of conduct on cross-examination, but only if the conduct is probative of the witness's character for truthfulness or untruthfulness."). "If the conduct is probative of the witness's character for truthfulness, a party may inquire of that conduct on cross-examination, but *may not* offer extrinsic evidence of the conduct." Andrade v. Walgreens-Optioncare, Inc., 784 F.Supp.2d 533, 536 (E.D. Pa. 2011) (emphasis original) (citing Williams, 464 F.3d at 448 ("Under Rule 608(b), specific instances of conduct of a witness, other than conviction for a crime, may not be proved at trial through extrinsic evidence ....")). Thus, "a party may ask a witness on cross-examination about a specific instance of conduct probative of that witness's character for truthfulness, but '[i]f the witness denies the conduct, ... the questioning party must take the witness' answer[.]" *Id.* (citations omitted).

- 6 -

In <u>U.S. v. Georgiou</u>, 777 F.3d 125, 144-45 (3d Cir. 2015), the Third Circuit discussed the exclusion of testimony and the use of extrinsic evidence to impeach a witness on cross-examination. The Third Circuit stated:

> Under Rule 608(b) of the Federal Rules of Evidence, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed.R.Evid. 608(b). Further, Federal Rule of Evidence 403 authorizes a district court to "exclude collateral matters that are likely to confuse the issues." <u>United States v. Casoni</u>, 950 F.2d 893, 919 (3d Cir. 1991); *see also* Fed.R.Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... confusing the issues ... or needlessly presenting cumulative evidence."). A matter is collateral if it is "factually unrelated to [the] case" such as an "unrelated criminal investigation." <u>Casoni</u>, 950 F.2d at 919. Moreover, given the District Court's "wide discretion in limiting cross-examination[,] [a] restriction will not constitute reversible error unless it is so severe as to constitute a denial of the defendant's right to confront witnesses against him and it is prejudicial to substantial rights of the defendant." *Id.* (quoting <u>United States v. Adams</u>, 759 F.2d 1099, 1100 (3d Cir. 1985)).

Further, it is within the discretion of the district court to impose "a reasonable limit on the scope of cross-examination … in order to 'strike a balance between the constitutionally required opportunity to cross-examine and the need to prevent repetitive or abusive cross-examination.'" *Id.* at 145 (quoting <u>Casoni</u>, 950 F.2d at 919). In fact, "[t]he Supreme Court has said the Constitution's Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way

and to whatever extent, the defense might wish.") *Id.* (quoting <u>Casoni</u>, 950 F.2d at 919).

In <u>U.S. v. John-Baptiste</u>, 747 F.3d 186, 937-38 (3d Cir. 2014), the Third Circuit stated that "[t]he Sixth Amendment gives a defendant the right to cross-examine the government's witnesses for possible bias." However, "[a] district court retains 'wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about ... harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Id.* (internal citations omitted).

In assessing whether a limitation on cross-examination violated the Confrontation Clause, [the Third Circuit] inquire[s] into: "(1) whether the limitation significantly limited the defendant's right to inquire into a witness's motivation for testifying; and (2) whether the constraints imposed fell within the reasonable limits that a district court has the authority to impose." <u>John-Baptiste</u>, 747 F.3d at 211-12 (citation omitted).

The government seeks to exclude the use or introduction of the court's opinion in <u>Gilliam</u> granting defendant's motion to suppress, and its less than favorable findings regarding Ference's credibility, to impeach this officer at

trial arguing that such extrinsic evidence is impermissible under Fed.R.Evid. 608(b), is hearsay under Fed.R.Evid. 802, and is barred by Fed.R.Evid. 403 since it is unduly prejudicial. The government also argues that Judge Mariani's credibility determinations regarding both of the officers, (i.e., Ference and Kingston Police Department Detective Edward Palka), who testified in <u>Gilliam</u> are "not probative of untruthfulness on the part of Officer Ference, and thus they cannot be used to cross-examine him [in the instant case] under Rule 608(b)", particularly since "the Court's credibility determinations with respect to Patrolman Ference did not implicate his general veracity as a witness." The government also asserts that Ference's testimony and Judge Mariani's findings in another criminal case totally unrelated to this case, are collateral and have no bearing on his credibility in this case and, they would only serve to confuse the jury as to the offenses at issue. Thus, it also contends that Judge Mariani's findings in <u>Gilliam</u> can be excluded under FRE 403, citing, in part, <u>United States v. Lopez</u>, 944 F.2d 33, 38 (1st Cir. 1999).

Defendant contends that Judge Mariani's judicial findings are both an appropriate area of cross examination under Rule 608(b) and that they will not confuse or mislead the jury under Rule 403. He states that if the court

excludes Judge Mariani's credibility determinations of Ference, and if the court imposes limits on his cross examination of Ference, as the government seeks it to do, his rights under the Confrontation Clause will be violated. In his brief, (Doc. 212 at 4), defendant cites to cases in which courts in other circuits have allowed cross examination of a witness regarding prior judicial findings about his credibility. *See eg.*, United States v. Woodard, 699 F.3d 1188, 1190 (10th Cir. 2012); United States v. White, 692 F.3d 235, 249 (2d Cir. 2012) ("A finding that a witness is not credible is not fundamentally different from a finding that the witness lied. It often just reflects a fact finder's desire to use more gentle language.").

No doubt that a "[6th Amendment] violation occurs when a 'reasonable jury might have received a significantly different impression of [the witness's] credibility had [the defendant] been permitted to pursue his proposed line of cross-examination.'" Woodard, 699 F.3d at 1197 (citation omitted).

The court in Gilliam, after an examination of the testimony, found that "the officers proceeded without proper justification when they entered [defendant's residence] without a warrant", and "[a] reasonable officer considering the facts ascertainable upon a reasonable investigation would not have concluded that warrantless entry was necessary to address a true

emergency related to Defendant's children." As such, the court found that the warrantless entry and search of the residence by Ference and Palka "was not reasonable under the Fourth Amendment." (17-cr-258, Doc. 103 at 43-44). The court also found that the Search Warrant was issued based on the Affidavit of Probable Cause submitted by Palka and Ference, and that the evidence did not show that the officers' determination that a true emergency existed was either credible or objectively reasonable that the investigators here did not act "as any similarly situated officer would." Thus, the court found that the good faith exception did not apply since it "has determined that [the two Officers'] pre-warrant actions were not objectively reasonable and their testimony was less than credible." "Having found Palka and Ference less than credible in the pre-warrant period, the Court cannot attribute objective reasonableness and good faith to their recitation set out in the Affidavit of Probable Cause." The court found that the Officers' "lack of objective reasonableness weighs against application of the good faith exception." The court also found that "[its] determination that the officers' conduct was not objectively reasonable and Palka and Ference were less than completely credible indicates that this is not a case where there is no illicit conduct to deter", and that "the conduct of law enforcement was

deliberate and in violation of established Fourth Amendment precedent, …." The court then found that "the testimony of Palka and Ference, indicate[s] that suppression is justified", and that "this is not a case where officers acted upon an objectively reasonable good faith belief in the legality of their conduct," when they searched [defendant's residence]." (Id. at 57-59).

Contrary to the government's assertion, the court in Gilliam did address Ference's credibility in that case. However, as the government points out, "the Court [did not] state that Officer Ference, or any officer, committed perjury or knowingly testified falsely." Also, in Gilliam, Ference acted in conjunction with Palka, the other officer who participated in the warrantless search of the defendant's residence, and he did not act alone and the court largely discussed the testimonies of both officers when it found that they were "less than completely credible."

Defendant argues that the Gilliam court's findings regarding Ference's testimony are probative of his credibility and, that they are admissible under Rule 608(b) and may be inquired into during cross-examination of this witness.

Notwithstanding defendant Guerrier's rights under the Confrontation Clause, his counsel will not be permitted question Ference on cross-

examination and to impeach him with the prior judicial findings made by the court in <u>Gilliam</u>, *i.e.*, Ference was not entirely credible when he testified in the suppression hearing in that case. Defendant will not be permitted to ask Ference whether the court in <u>Gilliam</u> found that he lied or testified falsely, and he will not be allowed to ask this witness whether the court found that he was not credible or that his testimony lacked credibility. Such lines of inquiry are precluded by FRE 608 and, they are barred as hearsay. *See* <u>United States v. Davis</u>, 183 F.3d 231 (3d Cir. 1999) (Third Circuit concluded that a credibility finding is inadmissible extrinsic evidence under Rule 608(b)).

Moreover, as the government contends, the defendant should not be permitted to use the court's credibility determinations in its opinion regarding the conduct of the officers during the <u>Gilliam</u> suppression hearing to impeach Ference at trial since those judicial determinations are inadmissible hearsay. Defendant does not address this hearsay argument raised by the government in his brief. Nonetheless, "the Government is correct that judicial findings generally do not fall under the hearsay exception established by Rule 803(8)(C)," [which] provides that, "in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an

investigation made pursuant to authority granted by law, [are not excluded by the hearsay rule] unless the sources of information or other circumstances indicate lack of trustworthiness." U.S. v. Nelson, 365 F.Supp.2d 381, 388 (S.D. N.Y. 2005). Thus, Judge Mariani's opinion in Gilliam is an out of court statement offered for the truth of the matter asserted, *i.e.*, to show Ference's testimony in Gilliam was not entirely credible, and thus constitutes hearsay. *See* Internat'l Land Acquisitions, Inc. v. Fausto, 39 Fed.Appx. 751, 756-57 (3d Cir. 2002) (citing Nipper v. Snipes, 7 F.3d 415, 417 (4th Cir.1993) ("Rule 803(8)(C), on its face, does not apply to judicial findings of fact; it applies to 'factual findings resulting from an investigation made pursuant to authority granted by law.' Fed.R.Evid. 803(8)(C). A judge in a [] trial is not an investigator, rather a judge."); United States v. Jones, 29 F.3d 1549, 1554 (11th Cir. 1994) (finding that judicial findings are inadmissible hearsay that cannot be corrected under 803(8)); In re Japanese Elec. Prod. Antitrust Litig., 723 F.2d 238, 275 (3d Cir. 1983), *rev'd sub nom.* Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986) (concluding that prior judicial findings were not admissible under Rule 803(8)(C), and that the trustworthiness analysis required under Rule 803(8)(C) would be

unsuited to evaluating judicial findings because a judge is not a proper witness under Rule 605)).

In <u>U.S. v. Thompson</u>, 2011 WL 2446564, *3 (N.D. Iowa June 15, 2011), the court considered an issue directly on point with this case. The facts in <u>Thompson</u>, *id.* at *2, are as follows: "The Government intend[ed] to call Officer Mat Denlinger at trial. In an unrelated state case, Officer Denlinger's credibility during a suppression hearing was called into question by the Honorable Thomas L. Koehler." After the government disclosed this information to the defendant in <u>Thompson</u>, it filed a motion *in limine* to restrict inquiry into this matter at trial based on Rules 608, 802, and 403.

The court in <u>Thompson</u>, *id.* at *3, succinctly explained:

Defendant could not attack Officer Denlinger's character for truthfulness by introducing Judge Koehler's hearsay order at trial. Moreover, Defendant cannot question Officer Denlinger about Judge Koehler's order because any response would be barred by Federal Rule of Evidence 802, prohibiting hearsay. Finally, the Court finds that such questioning would unduly confuse the issues in this case and would cause undue confusion. *See* Fed.R.Evid. 403. In essence, the Defendant is seeking opinion evidence from a witness [*i.e.*, the judge] who will not be called or able to be cross-examined. The Court finds the First Circuit case of <u>United States v. Lopez</u>, 944 F.3d 33 (1st Cir. 1991), to be persuasive on this issue. There, the First Circuit stated:

[W]hile potentially probative of the trustworthiness of the officer's testimony, the credibility assessment made by the presiding judge at an unrelated trial would have entailed a grave risk that the jury might abnegate its exclusive responsibility to determine

- 15 -

the credibility of the testimony given by the officer at appellant's trial.

U.S. v. Lopez, 944 F.2d 33, 38 (1st Cir. 1991).

Thus, in Thompson, *id.*, the court "conclude[d] that evidence of Judge Koehler's assessment of Officer Denlinger's testimony in an unrelated state case is inadmissible under Rules 608, 802, and 403", and granted the government's motion *in limine*.

Moreover, "the term 'extrinsic evidence,' as used in Rule 608(b), encompasses documentary evidence", Nelson, 365 F.Supp.2d at 389, and defendant will not be permitted to use Judge Mariani's written decision in Gilliam, (Doc. 103), as evidence to impeach Ference on cross examination. Nor will Guerrier be allowed to ask Ference any questions regarding Judge Mariani's credibility findings with respect to Ference's testimony in the Gilliam suppression hearing.

The parties do not cite to any Third Circuit case directly on point with this case and the court did not find any such cases during its research of the issue. No doubt that there is a split in the Circuits regarding this issue. S*ee, eg.,* U.S. v. White, 692 F.3d 235, 248-251 (2d Cir. 2012) (Second Circuit held that a witness can be cross-examined based on "prior occasions when his testimony in other cases had been criticized by [a] court as unworthy of

belief", and that district court erred by preventing defendant from cross-examining a detective under Rule 608(b) with respect to a judge's credibility findings against him in an unrelated, but factually similar criminal case.) (citing its decision in United States v. Cedeño, 644 F.3d 79, 82–83, (2d Cir.), *cert. denied*, ––– U.S. ––––, 132 S.Ct. 325 (2011), "which set out seven non-exhaustive factors for courts to consider in determining the probity and relevance of a prior incident in which a court has criticized a witness's testimony as unworthy of belief."); *see also* U.S. v. Woodard, 699 F.3d 1188 (10th Cir. 2012) (Tenth Circuit concurred with the Second Circuit and applied the Cedeño factors in finding that past judicial credibility determinations regarding an inspector in another criminal case were admissible under Rule 608(b), and noting that other sister circuits have also agreed, namely, the Seventh Circuit and D.C. Circuit, and found that the district court's order precluding Defendant from cross-examining the inspector on the credibility determinations made by a court in another criminal case violated his Sixth Amendment confrontation rights.); United States v. Dawson, 434 F.3d 956 (7th Cir. 2006) (same).

However, based on the Third Circuit's decisions in Davis, Internat'l Land Acquisitions, Inc. v. Fausto, and Georgiou, the court finds the

Thompson case to be persuasive and finds that Judge Mariani's opinion in Gilliam and his determinations with respect to Ference's testimony and credibility in an unrelated criminal case are inadmissible to impeach the officer in this case under Rules 608, 802, and 403. (*See also* cases cited in government's brief, Doc. 206 at 20-21, in which courts have limited any cross-examination regarding prior judicial findings involving the credibility of a witness).

As the Third Circuit noted in Davis, 183 F3d at 257 n. 12, limits must be imposed during cross-examination regarding credibility findings of a witness that were made in a different proceeding, and thus, defendant may not use the court's opinion in Gilliam for impeachment to show that Ference's testimony was less than credible in that case. "Such evidence would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)." *Id.* The Third Circuit found that "[a]llowing a line of questioning [regarding a third person's opinion about prior acts] not only puts hearsay statements before the jury, it injects the views of a third person into the case to contradict the witness", and that "[t]his injection of extrinsic evidence not only runs afoul of Rule 608(b), but also sets the stage for a mini-trial regarding a tangential issue of dubious probative value

that is laden with potential undue prejudice." *Id.* Thus, defendant Guerrier cannot use or make reference to Judge Mariani's findings in his opinion that Ference was not completely credible in his <u>Gilliam</u> suppression hearing testimony.

Next, the court must consider whether the defendant can question Ference about his actions in the <u>Gilliam</u> case without referencing the court's findings or introducing the court's opinion.

As the Third Circuit in <u>Davis</u>, 183 F3d at 257, explained "under Federal Rule of Evidence 608(b), specific instances of conduct may be inquired into on cross-examination, at the discretion of the court, if they are probative of a witness's truthfulness or untruthfulness", and that "Rule 608(b) applies because the government did not introduce extrinsic evidence about [defendant's] other acts; all it did was ask [defendant] about them." In some instances, Rule 608(b) would allow the defendant to ask Ference about his actions in the <u>Gilliam</u> case on cross-examination. *See* <u>Andrade</u>, 784 F.Supp.2d at 536-37. However, "[i]f the conduct is sufficiently prejudicial, …, it is within the discretion of the court to preclude a party from even inquiring about the conduct on cross-examination, pursuant to Rule 403." *Id.* at 536. Here, the court will not permit the defendant to question Ference about his

actions during the warrantless search in <u>Gilliam</u>. Such questioning about Ference's actions in a collateral matter alone are simply too confusing to the jury as to the relevant issues in the present case, especially considering the similar factual scenario in the <u>Gilliam</u> case.[3]

Finally, since the defendant will be able to cross examine Ference regarding all of his actions taken in the instant case, as well as to inquire into his motivation for testifying, the restriction prohibiting him from using the court's credibility findings in <u>Gilliam</u> to impeach Ference is not so severe as to constitute a denial of the defendant's right to confront witnesses against him and it is not prejudicial to his substantial rights.

Thus, the court will grant the government's instant motion, (Doc. 205), and will preclude the use of extrinsic evidence regarding the <u>Gilliam</u> court's

_____

[3]Similarly, under FRE 403, if the defendant testifies at trial, the court will not allow the government to cross examine him about Judge Caputo's credibility findings regarding his testimony in the suppression hearing conducted in this case. Specifically, in Judge Caputo's April 26, 2019 Memorandum, (Doc. 117), denying defendant's suppression motion, he considered the credibility of the testimonies of the officers involved in the search of defendant's house, including Ference's testimony, as well as defendant's testimony, and he found that defendant's testimony regarding certain facts, namely, his location in his house when he was arrested and whether he was given <u>Miranda</u> warnings, "was not credible." Judge Caputo also found the officers' testimonies to be credible, including Ference's testimony, and relied upon them to support his decision denying defendant's motion.

opinion and its credibility determinations with respect to Ference. Nor will the defendant be permitted to question Ference about his actions in the <u>Gilliam</u> case.

## IV. CONCLUSION

Accordingly, the government's motion *in limine*, **(Doc. 205)**, is **GRANTED**, and the court will not permit defendant to cross examine Officer Ference and to impeach him at trial by using the prior judicial findings made by Judge Mariani in his opinion regarding the officer's credibility when he testified in an unrelated suppression hearing in <u>United States v. Gilliam</u>. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 22, 2021**
16-33-02

- 21 -